**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| ANCHOR REEF CLUB AT | : | Bankruptcy Case No. 17-21080 (JJT) |
| BRANFORD, LLC, | : | |
| | : | |
|     Debtor. | : | |
| _____ | : | |
| | : | |
| ANCHOR REEF ASSOICATION, INC., | : | |
| | : | |
|     Movant, | : | |
| | : | |
| V. | : | |
| | : | |
| ANCHOR REEF CLUB AT | : | |
| BRANFORD, LLC, | : | |
| | : | |
|     Respondent. | : | |

**OBJECTION OF**
**ANCHOR REEF CLUB AT BRANFORD, LLC TO**
**ANCHOR REEF ASSOCIATION, INC.'S**
**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

Anchor Reef Club at Branford, LLC, debtor-in-possession, by and through its attorneys,

Coan, Lewendon, Gulliver & Miltenberger, LLC, hereby objects to the Motion for Relief from

Automatic Stay filed by Anchor Reef Association, Inc. [ECF No. 33], and respectfully represents

as follows:

1.      Anchor Reef Club at Branford, LLC ("Anchor Reef") is the debtor in the above-

captioned chapter 11 bankruptcy case.

2.      Anchor Reef is a debtor in possession with the rights, powers and duties described

in 11 U.S.C. §§ 1107 and 1108.

3.      Anchor Reef is the appellant in an appeal styled *Anchor Reef Association, Inc. v. Anchor Reef Club at Branford, LLC, et al.,* A.C. No. 40551 and pending the Appellate Court of the State of Connecticut (the "Appeal").

4.      In the Appeal, Anchor Reef seeks a determination that the judgment entered against it by the Superior Court is erroneous as a matter of law and predicated on clearly erroneous findings of fact.[1]  The issues on appeal include whether the Association had standing to pursue claims against Anchor Reef, whether the trial court improperly refused to decide whether it had subject matter jurisdiction, and whether the trial court's computation of damages was clearly erroneous.

5.      In the Appeal, Anchor Reef Association, Inc. (the "Association") filed a cross-appeal seeking to increase the liability of certain principals of Anchor Reef.

## ARGUMENT AND AUTHORITY

6.      The automatic stay prevents the continuation of the Appeal because Anchor Reef was a defendant in the underlying litigation in the Superior Court. Hence, the action is deemed to have been commenced "against the debtor" for purposes of the automatic stay. *Commerzanstalt v. Telewide Systems, Inc.*, 790 F.2d 206, 207 (2d Cir.1986); *Borman v. Raymark Industries, Inc.*, 946 F.2d 1031, 1035 (3d Cir.1991); *Sheldon v. Munford, Inc.*, 902 F.2d 7, 8–9 (7th Cir.1990).

7.      The procedural and substantive requirements for an order granting a modification of the automatic stay are well-established in the Second Circuit. *In re Sonnax Industries, Inc.*, 907 F.2d 1280, 1285 (2d Cir. 199). The burden of proof on a motion to lift or modify the automatic stay under 11 U.S.C. § 362(d)(1) is a shifting one. *In re Sonnax Industries, Inc.*, 907

---

[1] The case before the Superior Court was styled *Anchor Reef Association, Inc. v. Anchor Reef Club at Branford, LLC,* Docket No. HHD-CV-15-5043896-S.

2

F.2d 1280, 1285 (2d Cir. 1990). The movant must initially produce evidence establishing

"cause" for relief. *Id*.; *In re M.J. & K. Co.*, 161 B.R. 586, 590 (Bankr.S.D.N.Y.1993); *In re*

*Pioneer Commercial Funding Corp.*, 114 B.R. 45, 48 (Bankr.S.D.N.Y.1990). Once the movant

establishes cause, the burden of proof shifts to the debtor on all other issues. See 11 U.S.C. §

362(g)(2); *Sonnax Industries*, 907 F.2d at 1285. "If the movant fails to make an initial showing

of cause, however, the court should deny relief without requiring any showing from the debtor

that it is entitled to continued protection." *Id*.

8.      Neither Section 362(d)(1) nor the legislative history defines "cause." *Sonnax*

*Industries*, 907 F.2d at 1285.  However, the *Sonnax* Court adopted twelve factors, which are

weighed to determine whether to allow a creditor to continue litigation in another forum. *In re*

*Dunne, No.* 2015 WL 7625609, at *6 (Bankr. D. Conn. 2015), *appeal dismissed*, 684 F. App'x 85

(2d Cir. 2017).   Only those factors relevant to a particular case need be considered, *Sonnax*

*Industries*, 907 F.2d at 1285, and the Court need not assign them equal weight. *In re Anton*, 145

B.R. 767, 770 (Bankr.E.D.N.Y.1992). When applying these factors and considering whether to

modify the automatic stay, the Court should take into account the particular circumstances of the

case, and ascertain what is just to the claimants, the debtor and the estate.  *In re Dunne, No.* 2015

WL 7625609, at *6; *In re M.J. & K. Co.*, 161 B.R. at 590 (*citing In re Mego International, Inc.*,

28 B.R. 324, 326 (Bankr.S.D.N.Y.1983)).

9.  The *"Sonnax"* factors are the following*:*

> (1) whether relief would result in a partial or complete resolution
> of the issues; (2) lack of any connection with or interference with
> the bankruptcy case; (3) whether the other proceeding involves the
> debtor as a fiduciary; (4) whether a specialized tribunal with the
> necessary expertise has been established to hear the cause of
> action; (5) whether the debtor's insurer has assumed full
> responsibility for defending it; (6) whether the action primarily

involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms.

*See In re Sonnax Indus., Inc.*, 907 F.2d at 1286; *In re Dunne*, No. 2015 WL 7625609, at \*6.

10.    The most relevant "*Sonnax* factor" in this proceeding is the first – "whether relief would result in partial or complete resolution of the issues."  As shown below, this Court should not grant the Association relief from stay at this time because the Appeal may not resolve a single issue relevant to the bankruptcy estate or its creditors.

11.    On November 13, 2017, Nassi Funding, Inc., a creditor with a first priority mortgage on all of Anchor Reef's real estate filed a proof of claim for $39,261,275.00, (the "Nassi Funding Proof of Claim").

12.    Anchor Reef has scheduled the value of its real estate – its only material asset[2] – with a value of $2,825,000.   Anchor Reef's communications with potential real estate professionals has confirmed that the value of Anchor Reef's real estate is dramatically less than the amount of the Nassi Funding Proof of Claim.

13.    Accordingly, the Appeal will have absolutely no impact on the bankruptcy estate if the Nassi Funding Proof of Claim is valid, in the correct amount, and entitled to first priority status.  Thus, if the Nassi Funding Proof of Claim is proper, the bankruptcy estate will have no funds to distribute to any creditor other than Nassi Funding regardless of the result of the Appeal.

---

[2] In addition to its real estate, Anchor Reef scheduled a deposit account holding $7,022.74,

14.     Before this Court permits the bankruptcy estate, the Association, and the other

parties[3] to the Appeal to litigate in Connecticut's Appellate Court, it should first determine

whether the Nassi Funding Proof of Claim is valid as filed.  To do otherwise would require the

bankruptcy estate and the Association to engage in potentially meaningless appellate litigation

resulting in a waste of the resources of the bankruptcy estate and a reduction of the funds

available to all parties in interest.  In sum, the Appeal may be pointless and "result in the partial

or complete resolution" of no issues of any importance to this case or its creditors.

15.     Other *Sonnax* factors militate against a modification of the automatic stay.  The

Appeal will interfere with the debtor's efforts to reorganize and increase the estate's expenses

(2nd factor).  The Appeal does not involve Anchor Reef as a fiduciary (3rd factor).  No insurer has

assumed full or partial responsibility for the claims of the Association (5th factor).  The Appeal

does not primarily involve third parties (6th factor).  The litigation of the Appeal would prejudice

other creditors by increasing the expenses of the bankruptcy estate (7th factor).  The Appeal may

resolve no substantial issue in this case (10th factor).  As a result of all of the foregoing, the

balance of the harms tips decidedly in favor of Anchor Reef (12th factor).[4]

16.     The Association points to the tenth *Sonnax* factor to support the proposition that

the stay should be modified.  Yet the Association's argument pre-supposes that the Appeal will

resolve some issue that could provide an economic benefit to some party in interest.  This

assumption is unwarranted in light of the as yet unchallenged Nassi Funding Proof of Claim

---

[3] The principals of Anchor Reef, Albert Nassi, Daniel Kane, and Justin Ziegler, are parties to the appeal. On November 13, 2017, the principals each filed proofs of claim against the bankruptcy estate seeking indemnification from Anchor Reef pursuant to the terms of Anchor Reef's operating agreement.

[4] The remaining *Sonnax* factors are either neutral or inapplicable.

17.     This Court will further the interests of the bankruptcy estate and all parties by denying the Association's motion for relief from stay unless and until a party in interest challenges the Nassi Funding Proof of Claim and this Court determines that the Nassi Funding Proof of Claim to be infirm.   Anchor Reef expects to file a plan of reorganization in the immediate future to, *inter alia,* (1) liquidate the assets of Anchor Reef, and (2) provide a mechanism for payments to unsecured creditors, and (3) create a timetable and process for resolving the validity of the claims against the bankruptcy estate.  As a result, any issues related to the validity and priority of the Nassi Funding Proof of Claim should soon be before this Court.

18.     Finally, if this Court determines that it should modify the automatic stay, any relief granted to the Association should be limited to the Appeal, i.e., *Anchor Reef Association, Inc. v. Anchor Reef Club at Branford, LLC, et al.,* A.C. No. 40551 and no relief should be granted regarding the Superior Court action, *Anchor Reef Association, Inc. v. Anchor Reef Club at Branford, LLC,* Docket No. HHD-CV-15-5043896-S.  Any relief granted to the Association should specifically prohibit the Association from enforcing any judgment against the bankruptcy estate.  *See In re Keene Corp.,* 171 B.R. 180, 187 (Bankr. S.D.N.Y. 1994)(conditioning relief from stay to prosecute appeal on the revival of stay in case of remand and prohibiting collection against estate assets).

WHEREFORE, Anchor Reef Club at Branford, LLC requests that this Court deny the

Motion for Relief from stay filed by Anchor Reef Association, Inc., without prejudice.

ANCHOR REEF CLUB AT BRANFORD, LLC


By__/s/ Timothy Miltenberger_____
Timothy D. Miltenberger (ct08874)
Coan, Lewendon, Gulliver & Miltenberger
495 Orange Street
New Haven, CT  06511
Tel.:  203-624-4756
Fax:  203-243-4488
Email:  tmiltenberger@coanlewendon.com

## <u>CERTIFICATION</u>

I hereby certify that on November 17, 2017, a copy of foregoing was filed electronically and sent by e-mail to all appearing parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.


<u>/s/ Timothy D. Miltenberger</u>
Timothy D. Miltenberger