UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
HARTFORD DIVISION

| | |
|---|---|
| In re | CASE NO. 17-21080 (JJT) |
| ANCHOR REEF CLUB AT BRANFORD, LLC, | (Chapter 11) |
| Debtor(s). | (Re: Doc. I.D. No. 60) |
| ANCHOR REEF CLUB AT BRANFORD, LLC, | |
| Movant. | |
| v. | |
| HRP ASSOCIATES, INC., | |
| Respondent. | APRIL 2, 2018 |

**SUMMARY POSITION MEMORANDUM**

HRP Associates, Inc. ("HRP"), by and through its undersigned counsel, submits this Summary Position Memorandum as ordered by the Court during the Telephonic Status Conference held on March 28, 2018 and in Docket Entry No. 78. Specifically, this Court requested briefing on: (1) whether the Debtor's failure to bring its Motion for Turnover of Documents and Records Under 11 U.S.C. § 542(e) (ECF No. 60) (the "Turnover Motion") as an adversary proceeding under Fed R. Bankr. P. 7001(1) requires dismissal; and (2) whether the Turnover Motion is a core proceeding and, if not, whether HRP consents to the entry of final orders.

HRP respectfully submits its responses as follows:

9098674v1

**(1)  THE TURNOVER MOTION SHOULD HAVE BEEN BROUGHT AS AN ADVERSARY PROCEEDING**

The Debtor's Turnover Motion should have been brought as an adversary proceeding. Bankruptcy Rule 7001 provides that "a proceeding to recover money or property," other than in certain inapplicable exceptions, must be brought as an adversary proceeding. So, too, must proceedings "to determine the validity . . . of . . . [an] interest in property" and proceedings "to obtain an injunction or other equitable relief." Fed. R. Bankr. Rule 7001(1), (2), (7). To the extent that Debtor has requested that HRP "turn over all documents in its possession," ECF No. 60 at 4, Debtor has brought a proceeding to recover property under Rule 7001(1), or an action that requires this Court to determine what interest, if any, the Debtor has in HRP's files under state law. Both prayers for relief require an adversary proceeding.

Although the Debtor has suggested to this Court that it would be willing to narrow the scope of relief it seeks—requesting mere "access" to HRP's documents, rather than possession of them—that proceeding, too, must be brought as an adversary proceeding because it is a proceeding to obtain equitable relief. See In re Dynegy, Inc., 770 F.3d 1064, 1069 (2d Cir. 2014) (if an action falls within one of the ten categories in Rule 7001, it should be brought as an adversary proceeding; if it does not, then it is a contested matter).

Debtor's Turnover Motion should be brought as an adversary proceeding for good reason: "Many bankruptcy proceedings are basically administrative in nature, involving no adverse parties and requiring few of the procedural safeguards characteristic of civil litigation. But turnover litigation is not administrative. It may, and frequently does, affect substantial rights of the adverse claimant." In re Riding, 44 B.R.

846, 859 (Bankr. D. Utah 1984). The substantial rights of an adverse claimant are best safeguarded by the procedural protections afforded by the federal rules of civil procedure, such as "[m]ore complete relief, trial by jury, the possibility of pleading affirmative defenses and counterclaims, interpleading, joinder of parties, class actions, intervention, summary judgment, appeal as of right, and an opportunity for more thorough discovery and trial preparation . . . ." Id.

Many lower courts in this Circuit have concluded that an action for turnover must be brought as an adversary proceeding, and the few appellate courts to do so, although not in this Circuit, have also held as such. See, e.g., In re Perkins, 902 F.2d 1254, 1258 (7th Cir. 1990) ("A turnover action is an adversary proceeding which must be commenced by a properly filed and served complaint. Bankruptcy Rule 7001. . . . A turnover proceeding commenced by motion rather than by complaint will be dismissed, and a turnover order entered in an action commenced by motion will be vacated.") (citations omitted); In re Camall Co., 16 F. Appx. 403, 407-408 (6th Cir. 2001) (affirming as within the bankruptcy court's discretion denial of the motion for turnover for failure to bring it as an adversary proceeding, particularly where the property sought was not clearly due to the debtor); In re McCorhill Pub., Inc., 73 B.R. 1013, 1014 (Bankr. S.D.N.Y. 1987); In re Domestic Fuel Corp., 70 B.R. 455, 463 (Bankr. S.D.N.Y. 1987); In re Interpictures, Inc., 86 B.R. 24, 29 (Bankr. E.D.N.Y. 1988); In re 824 S. E. Blvd. Realty, Inc., 2012 WL 1372188, at *2 (Bankr. S.D.N.Y. 2012) ("the Debtor is seeking to recover money from a third party in a proceeding that does not fall within one of Rule 7001(1)'s specified exceptions, but the Debtor has not filed an adversary proceeding.

This procedural defect provides an independent basis for denying the Debtor's motion.").[1]

To be sure, some courts have strayed from the principle that a turnover action falls clearly within the scope of Rule 7001(1) as a required adversary proceeding, but they have done so either because the issue was not squarely raised as it is here, or because all issues had been joined and no prejudice would have resulted. E.g., In re Amodio, 155 B.R. 622, 622 n.1 (Bankr. N.D.N.Y. 1993).  Here, however, the quickness with which this action has presented itself, as well as its complex nature, suggests that not all issues have been joined or that issues may continue to appear if there is a proper, more measured timeline for adjudication.  Prejudice would also result if this action were not required to be brought as an adversary proceeding because HRP wishes to avail itself of all of the protections and procedures available in an adversary proceeding, including by asserting affirmative defenses or counterclaims (which may be subject to arbitration), taking discovery, and engaging in motion practice, all before a determination of liability.

The complex situation at bar counsels strongly in favor of imposing the safeguards inherent in an adversary proceeding.  See In re Riding, 44 B.R. at 858 ("[M]otion practice is largely governed by Local Rules and is better suited to relatively uncomplicated disputes that can be adjudicated summarily.").  Because HRP's substantial rights are in rigorous dispute, they are most deserving of the procedural

---

[1]  Out-of-circuit lower court decisions also support this position. See, e.g., In re Donato, 2011 WL 6057551, at *1 (Bankr. N.D. Ohio 2011) (denying unopposed turnover motion as procedurally defective, citing In re Perkins and In re Camall Co.).

protections afforded by the federal rules of civil procedure. Id. at 858-59.  Indeed, as the Court recognized during the Telephonic Status Conference, the complex issues raised by the Turnover Motion here are not well suited for adjudication as a contested matter.

Finally, the Debtor raised during the Status Conference that an adversary proceeding is not required because § 542(e) contains the phrase "after notice and a hearing," which is a term defined in § 102 as requiring appropriate notice given the circumstances, but also allowing for relief to be ordered without a hearing if no objections are raised.  This argument fails to advance the Debtor's position for several reasons. First, the definition of "after notice and a hearing" is not irreconcilable with the position that an adversary proceeding is required if the relief requested affects the interests in non-estate property of a non-debtor. Cf. In re Feldman, 309 B.R. 422, 429 (Bankr. E.D.N.Y. 2004) (declining to order prospective relief from stay under § 362(d), which contains the statutory phrase "after notice and a hearing," to a creditor against non-debtor spouse because "the Court does not have *in rem* jurisdiction over the Property and does not have *in personam* jurisdiction over the non-debtor, the Court finds that an adversary proceeding must be filed in order to obtain *in personam* jurisdiction over the non-debtor"). In fact, the statutory phrase was meant to require notice and a hearing under circumstances that often were to be prescribed by the Rules of Bankruptcy Procedure, 10 Norton Bankr. L. & Prac. 3d 11 U.S.C. § 102, which in this case is the notice and hearing as may be required in the context of a Rule 7001(1) adversary proceeding. Second, the Debtor's reliance on the "after notice and a hearing" is a moot point here, because an objection was raised to the relief requested by the

-5-

Debtor, a hearing (in whatever form) is required, and this Court has indicated an inclination not to grant the Debtor's requested relief without further proceedings.

Lastly, as a matter of law, Debtor's argument about the availability of quick relief because of the "after notice and a hearing" language only makes more prominent the inappropriateness of applying § 542(e) to a non-debtor entity that is not in possession of property of the estate and has no duty to provide its own property to the debtor. As set forth more fully in HRP's Objection (ECF No. 63), the entities to whom § 542(e) is specifically directed already have a duty to turn over documents to the debtor. But where, as here, the entity to whom a turnover action is directed has no state law, federal law, ethical, or contractual duty to provide property to a debtor, the phrase "after notice and a hearing"—and the availability of relief without a hearing—only underscores that § 542(e) was never intended to apply to an environmental consultant such as HRP, that an adversary proceeding is required, and that the Debtor has, at no point during its prosecution of the Turnover Motion, provided any case law in support of the relief it requests. See also In re 824 S. E. Blvd. Realty, Inc., 2012 WL 1372188, at *2 ("The Debtor cites no authority that this Court can order turnover of non-estate property to a non-debtor under such circumstances, nor has this Court found any.").

This Court would act well within its discretion to require the Debtor to comply with the Bankruptcy Rules and bring this action as an adversary proceeding, particularly where "[m]ore complete relief, trial by jury, the possibility of pleading affirmative defenses and counterclaims, interpleading, joinder of parties, . . . intervention, summary judgment, appeal as of right, and an opportunity for more thorough discovery and trial preparation" will assist the Court in adjudicating the action with a proper, developed

record. This Court should therefore deny the Turnover Motion and require the Debtor to refile its action as an adversary proceeding. The Debtor's "efforts" to expeditiously market and sell the property would not be hindered because the Debtor remains free to request expedited adjudication of the adversary proceeding.

**(2)    THE TURNOVER MOTION IS NOT A CORE PROCEEDING**

The Debtor, without citation to any authority, has conclusorily asserted that this matter is a core proceeding. See ECF No. 80.[2] It is not. Section 157(b)(1) provides that bankruptcy judges may hear and determine core proceedings that "arise under" the bankruptcy code or "arise in" bankruptcy cases. Section 157(b)(2) provides a non-exhaustive list of proceedings that are core, which include orders to turn over "property of the estate" in subsection (E). The Debtor has admitted that the property requested to be turned over is not "property of the estate": it is solely of property of HRP.

Since § 157(b)(2)(E) is inapplicable, the next question is whether this action is nevertheless core, and core despite that a central issue arises solely under state law: whether HRP has any obligation under state law (of contract or otherwise) to turn over its property despite a contractual provision saying that the data is an instrument of service and not to be provided. The answer is no.

Looking to the substance of this turnover dispute, this Court can easily make the determination that this action is non-core because, simply put, if title to the property is disputed, the turnover action is non-core. See In re General Media, Inc., 335 B.R. 66,

---

[2]    Although the Debtor bears the burden of persuasion for its Turnover Motion, it has provided no affirmative case law in any of its papers even minimally suggestive that turnover is appropriate in the case at bar. This fact alone provides the Court with a basis to deny the relief requested.

76 (Bankr. S.D.N.Y. 2005) ("'It is settled law that the debtor cannot use the turnover provisions to liquidate contract disputes or otherwise demand assets whose title is in dispute.' . . . If an ownership dispute must be resolved before any relief can be ordered, the proceeding is a non-core replevin action under state law rather than a § 542(a) turnover proceeding.") (citations omitted). See also In re U.S. Lines, Inc., 197 F.3d 631, 637 (2d Cir. 1999) ("Congress has minimal authority to control the manner in which 'a right created by state law, a right independent of and antecedent to the reorganization petition that conferred jurisdiction upon the Bankruptcy Court' may be adjudicated."); K & H Rest., Inc. v. DiamondRock NY Lex Owner, LLC, 2017 WL 6594225, at *2 (S.D.N.Y. 2017) (same); In re Orion Pictures Corp., 4 F.3d 1095, 1102 (2d Cir. 1993).

Here, any alleged right of the Debtor in HRP's property is one that arises from a pre-petition contract, and one that is independent of and antecedent to the bankruptcy proceedings. The issue presented to this Court is one purely of contract and state law, including whether an unwilling former environmental consultant can be forced to provide unfinished "instruments of service" to an unpaying former client notwithstanding clear contractual provisions negating any colorable claim of entitlement to that data (and certainly no state law requiring the consultant to do so), all for the Debtor's obvious and inequitable purpose in having third parties rely on such data, potentially to misrepresent the nature of remediation on its property. This pre-petition contract dispute does not fall within the bankruptcy court's core jurisdiction.

Although the Bankruptcy Code has suggested to the Debtor, by the mere existence of § 542(e), that the Debtor may test its alleged right to seize HRP's property, the Debtor cannot do so as if the Bankruptcy Court had full core jurisdiction over such

-8-

an action. Once HRP raised a bona fide dispute as to the Debtor's entitlement to HRP's property under state law, the claim revealed itself to be clearly non-core. See In re Pali Holdings, Inc., 488 B.R. 841, 849 & n.28, 853 & n.42-43 (Bankr. S.D.N.Y. 2013) (suggesting that a Bankruptcy Court lacks jurisdiction over an action under § 542 to bring *new property* into the debtor's estate).

One last case illustrates this principle. In Golden v. O'Melveny & Meyers LLP, 2017 WL 5178721, at *2-*3 (C.D. Cal. Nov. 6, 2017), the trustee and the debtor's previous lawyers had been compelled to arbitrate a legal malpractice dispute, among other claims. During the arbitration, the trustee had sought the lawyers' records pursuant to discovery order entered by the arbitrator, but the lawyers withheld certain documents, including work-product privileged documents.  Frustrated, the trustee brought a § 542(e) turnover action in the bankruptcy case to seek those same records from the lawyers. Id. at *2. The Court dismissed the turnover motion and held that the turnover proceeding had been nothing more than an attempt to make an end run around the mandated arbitration of a state law claim. Id. at *3.  Although the trustee claimed an absolute right to bring a § 542(e) action to seek these documents, the Court suggested that such a claim was still non-core because the turnover motion was not related to any on-going proceedings in the main bankruptcy case, and was better styled as a motion to compel production. Id. at *3.

Just as the trustee had attempted to get information in a separate proceeding in Golden, the Debtor here attempted to get documents from HRP outside of the bankruptcy case, was unsuccessful, and then brought the Turnover Motion to attempt to get the same information during the bankruptcy case.  Just as the Court did in Golden,

this Court should look past Debtor's heavy reliance on the existence of § 542(e) and see the action for what it is: another bite at the apple, but with this bite attempting to use the Bankruptcy Code to leverage a result that, under state law, would not obtain. The Debtor's actions are not related to any ongoing proceedings in bankruptcy—no pending sale motion or hired appraisers or environmental consultants—let alone any core bankruptcy functions. This Turnover Motion has no connection to the bankruptcy case other than that the Debtor is trying to sell its property (and seeks HRP's data to do so) while in bankruptcy, whereas it had tried to do the exact same thing (sell the property and sought HRP's data to do so) outside of bankruptcy. See ECF No. 63, at 17-18 ¶¶ 24-40. Rather than provide core bankruptcy jurisdiction, the Debtor's Turnover Motion instead raises, as this Court has suggested, serious jurisdictional and constitutional concerns about the reach of § 542(e).

## **CONCLUSION**

For the reasons set forth above, this Court should dismiss the Turnover Motion without prejudice to refiling as an adversary proceeding. This Court should also conclude that this matter is non-core and that it lacks jurisdiction to adjudicate it except to the extent it might issue proposed findings of facts and conclusions of law. HRP does not consent to the entry he Turnover Motion of final orders.

Respectfully submitted,

RESPONDENT - HRP ASSOCIATES, INC.


By    /s/ Sarah Gruber
    Robert E. Kaelin – ct11631
    rkaelin@murthalaw.com
    Sarah Gruber – ct29918
    sgruber@murthalaw.com

Murtha Cullina LLP
185 Asylum Street
Hartford, Connecticut 06103
Telephone: 860.240.6000
Facsimile: 860.240.6150
Its Attorney

## **CERTIFICATION OF SERVICE**

I hereby certify that on this 2nd day of April, 2018, a copy of the foregoing Summary Position Memorandum was filed electronically and sent to all parties of record. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Sarah Gruber
Sarah Gruber – ct29918