**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| Anchor Reef Club at Branford, LLC, | : | Case No. 17-21080 (JJT) |
| | : | |
| | : | RE: ECF No. 60, 63, 75, 82, 85 |
| Debtor. | : | |

**PRELIMINARY RULING ON DEBTOR'S TURNOVER MOTION**
**AND SCHEDULING ORDER ON FINAL EVIDENTIARY HEARING**

Upon consideration of the authorities in the briefs (ECF Nos. 60, 63, 75, 82, 85) submitted by the parties regarding whether this matter may properly be maintained by the Estate as a contested motion, this Court finds, adjudges and decrees as follows:

Fed. R. Bankr. Pro. 7001(1) by its terms provides that "a proceeding to recover money or property" shall be commenced by Adversary Proceeding. The pending turnover motion (ECF No. 60, the "Motion") neither seeks to recover money nor damages, nor does it contemplate an adjudication of rights in property.

The gravamen of the Motion is the pursuit of discovery of recorded information from HRP Associates, Inc. ("HRP"), the Debtor's previously retained environmental consulting engineers. Such recorded information allegedly relates to the Debtor's property or financial affairs. Those cases cited by HRP in its brief[1] allegedly holding that a Section 542 turnover action should be pursued through an Adversary Proceeding are inapposite and distinguishable as cases to recover money or property, and not to effectuate this form of discovery under Section

---

[1] *See* ECF No. 82 at 2-7.

542(e) which may be maintained by motion, after notice and a hearing.[2] The United States Court of Appeals for the Second Circuit has ruled that "notice and hearing" is satisfied when a party has notice of a proceeding, an opportunity to file memoranda, affidavits and other documents, and is given an opportunity to address the issue. *In re C-TC 9th Ave. P'ship,* 113 F.3d 1304, 1312 (2d Cir. 1997). Further, while the history of the parties may be long and complex as a factual matter, the arguments of counsel heretofore advanced reflect that the factual history and relevant documents are not in material dispute so that the procedural protections of an Adversary Proceeding, including discovery, are not warranted.

The legal issues currently joined by the parties do, however, require further proceedings so that the evidentiary record can be supplemented. Thus, counsel are directed to submit supplemental memoranda which address, *inter alia*, the following[3]:

    a. What is the Debtor's reasonable justification and basis for its turnover request?

    b. What is the utility of the allegedly stale or raw data requested?

    c. What is the reasonable and proper scope of the turnover of documents by HRP under these circumstances?

    d. What is the legal significance of HRP's alleged ownership of these documents/data, the Debtor's nonpayment for HRP's services, and the prior settlement agreement with the Debtor?

    e. Is HRP entitled to a protective order, adequate protection, compensation or other relief in connection with this turnover request?

---

[2] *See* 11 U.S.C. 542(e)'s reference to "notice and a hearing". This Section does not include a reference to plenary Adversary Proceedings.

[3] The pleadings, objections, affidavits and arguments of record only address the aforesaid issues in part. To the extent any of these issues were previously briefed, counsel should incorporate, by reference, such arguments in their supplemental memoranda.

    f. Is HRP entitled to remove from production stale, unreliable or raw data that the Debtor or third parties might rely upon to their detriment?

    g. If the recorded information is otherwise unreliable, why should the bankruptcy process be employed to place it in commerce, or to create potential liability issues for HRP?

    h. Does the use of Section 542(e) in this context result in a confiscatory order violative of the Due Process Clause?

As a matter of fairness, and in furtherance of the efficient administration of the Estate, this Court believes it is consistent with the intent of Congress, expressed in the Bankruptcy Code, and the direction of the United States Supreme Court, expressed in the Federal Bankruptcy Rules, that this Court hear these issues in the context of a contested motion. Requiring a Section 542 proceeding of this nature to be pursued by Adversary Proceeding would unduly delay and burden these parties, the bankruptcy process, and this Estate.

With the delineation of material facts henceforth largely advanced by the parties and the setting of a final evidentiary hearing to test HRP's objections and the Debtor's contentions, the Court is confident that such a hearing will provide adequate procedural protections, be fundamentally fair and will occasion ample opportunity for the parties to be heard and to examine witnesses. To restart this endeavor through an Adversary Proceeding would inappropriately adhere to form over substance, and be unduly costly and prejudicial to both parties. No prejudice will be occasioned by advancing this matter to a final hearing as proposed herein.

Accordingly, this Court concludes that Fed. R. Bankr. Pro. 7001(1) is inapplicable here, and that the Court will proceed with a final hearing on the Motion. The Court reserves judgment

on whether this is a core, related proceeding, or otherwise. The Court further directs the parties to meet and confer, prior to the hearing, regarding the following:

1. Whether the scope of the recorded information requested in the Motion can be narrowed?

2. What materials were delivered to the debtor as part of the settlement in state court?

3. What protection and/or disclaimers in favor of HRP would be appropriate, necessary or customary if the turnover is ordered?

4. What date in May 2018, other than a Thursday, can be set and noticed as the final hearing date?[4]

In connection with the final evidentiary hearing, the parties are directed to file and exchange supplemental memoranda and any additional affidavits in support of their respective positions at least five (5) days prior to the hearing. Affidavits shall serve as offers of proof, subject to supplemental testimony and/or cross examination of the affiant at the hearing. Unless waived by opposing counsel, the affiant must be present at the hearing if any offer of proof is to become part of the evidentiary record. Any additional witnesses shall be disclosed in a written summary delivered to opposing counsel and filed upon the docket at least three (3) days prior to the hearing. The witness summary shall identify the witness(es) and the substance of the testimony to be offered. Any proposed hearing exhibits, including those attached to affidavits, shall be pre-marked, exchanged and filed with the Court at least three (3) days prior to the final hearing.

IT IS SO ORDERED at Hartford, Connecticut this 18th day of April 2018.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut

---

[4] Counsel for the Debtor shall promptly advise the Courtroom Deputy of at least two agreed upon dates for a final hearing in May 2018, within five (5) days of this opinion.